# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLO CAROLLO, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-13330-WBV-KWR** |
| **ACE AMERICAN INSURANCE COMPANY, ET AL**. | **SECTION: "D" (4)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Continuance of Trial and All Associated Scheduling Deadlines, filed by Carlo Carollo, Jr. and Frank Carollo, individually and on behalf of the estate of Carlo Carollo, Jr. and the Estate of Angelina Carollo (collectively, "Plaintiffs").[1] The Motion is opposed[2] and Plaintiffs have filed a Reply.[3] For the reasons that follow, the Motion is **GRANTED in part and DENIED in part.**

### I. Background

This case concerns a fatal car accident that occurred on November 9, 2017 in St. Bernard Parish, which resulted in the deaths of Angelina Carollo and Carlo Carollo, Sr. On or about November 7, 2018, Carlo Carollo, Jr. and Frank Carollo, individually and on behalf of the Estate of Carlo Carollo, Sr.[4] and the Estate of Angelina Carollo (collectively, "Plaintiffs"), filed a Petition for Damages in state court,

---

[1] R. Doc. 34.
[2] R. Doc. 37.
[3] R. Doc. 46.
[4] Although the heading of the state court proceeding is, "*Carlo Carollo, Jr., and Frank Corollo, individually and on behalf of the Estate of Carlo Carollo, Jr. and the Estate of Angelina Corollo,*" this appears to be a clerical error, as it is clear from the Petition that suit was filed individually and on behalf of the Estate of Carlo Carollo, Sr., who died as a result of the underlying car accident.

seeking wrongful death and survival damages based on the death of their parents, Angelina Carollo and Carlo Carollo, Sr., as a result of the November 9, 2017 car accident. Plaintiffs allege that the accident occurred when Kevin C. Owens, while driving a freightliner truck owned by his employer, Langer Transport Corporation, struck the driver's side of Carlo Carollo's vehicle as Mr. Carollo attempted to make a left turn onto LA 46 from Volpe Drive. Named as defendants in the Petition are Owens, Langer Transport Corporation, ACE American Insurance Company, and XYZ Insurance Company.

On December 11, 2018, Langer Transport Corporation and ACE American Insurance Company removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[5] Shortly thereafter, on January 31, 2019, this Court issued a Scheduling Order, setting various pretrial deadlines and setting the matter for a jury trial on November 18, 2019.[6]

On July 1, 2019, Plaintiffs filed the instant Motion for Continuance of Trial and All Associated Scheduling Deadlines.[7] Plaintiffs assert that a continuance is warranted based on the following three factors: (1) one of Plaintiffs' counsel of record, Roberta Burns, broke her hip and shoulder on January 19, 2019, which required surgery and several months of recovery and physical therapy that prohibited her ability to prepare this case for trial; (2) defense counsel has refused to participate in discovery; and (3) Plaintiffs are considering retaining additional co-counsel in this

---

[5] R. Doc. 1 at Introductory Paragraph and ¶ 2.
[6] R. Doc. 11.
[7] R. Doc. 34.

matter.[8]  Plaintiffs assert that as of the date of the Motion, the parties had only deposed the Plaintiffs, Frank Corollo and Carlo Carollo, Jr., and the investigating State Trooper.  Plaintiffs further assert that they have attempted, unsuccessfully, to schedule several additional depositions, including those of the defendants, six first responders to the underlying accident, the treating physicians of the decedents, Angelina Carollo and Carlo Carollo, Sr., and a newly identified eye witness to the accident.[9]  Plaintiffs argue that good cause exists under Fed. R. Civ. P. 16 to modify the Scheduling Order because they have been diligent in meeting deadlines and conducting discovery, but the parties are at an impasse due to defense counsel's resistance to written discovery and unavailability for depositions.[10]  Plaintiffs note that they filed a Motion to Compel Discovery of Documents from defendants, Owens and Langer Transportation Company, which was pending as of the date of the instant Motion.[11]  Plaintiffs further assert that they will be prejudiced if they are required to produce expert reports prior to obtaining crucial fact discovery.

Owens and Langer Transport Corporation (collectively, "Defendants"), oppose the Motion, arguing that Plaintiffs have not shown good cause for the requested continuance and that Defendants will be prejudiced by any delay in the trial date because Defendants have a right to "clear their names and character"[12] and that

---

[8] R. Doc. 34-1 at pp. 2-4.
[9] *Id.* at p. 3.
[10] *Id.* at pp. 5-6.
[11] *Id.* at p. 3 (*citing* R. Doc. 30).  Magistrate Judge Roby has since issued an Order and Reasons, granting in part and denying in part Plaintiffs' Motion to Compel Discovery of Documents.  *See* R. Doc. 72.
[12] R. Doc. 37 at pp. 3, 6.

3

Owens also has a right to clear his conscious.[13] Defendants claim that decedent, Carlo Carollo, Sr., who was driving at the time of the accident, was 84-years-old and disregarded a stop sign, which allegedly caused the accident.[14] Defendants assert that the police report from the accident and the testimony of the investigating State Trooper both show that Carlo Carollo, Sr. was at fault in causing the accident and further that he was not wearing a seat belt.[15] Defendants point out that despite the fatalities, Plaintiffs waited a full year to file suit. Defendants further claim that in an effort to thwart meritless litigation, Defendants shared with Plaintiffs prior to the lawsuit being filed an accident reconstruction report, the electronic module or "Black-box" data from the freightliner truck driven by Owens and Owens' driver's log from the date of the accident.[16] Despite having this information, which Defendants were under no obligation to provide, Plaintiffs filed this suit, accusing Owens of causing two fatalities.

Addressing Plaintiffs' arguments, Defendants assert that although one of Plaintiffs' counsel suffered an injury, Plaintiffs were represented by three other attorneys from the same law firm who could have prepared the case for trial.[17] Regarding discovery, Defendants argue that Plaintiffs have known of the September 19, 2019 discovery deadline since the January 31, 2019 scheduling conference, but that Plaintiffs waited until May 3, 2019 to request available

---

[13] *Id.* at p. 3.
[14] *Id.* at p. 2.
[15] *Id.*
[16] *Id.*
[17] *Id.* at pp. 4-5.

deposition dates for Owens. Defendants claim that Owens was scheduled to be deposed on June 27, 2019 and took two days off of work for the deposition, which was canceled by Plaintiffs just a day or two beforehand.[18] The deposition was rescheduled for August 29, 2019. Defendants assert that Plaintiffs waited until June 19, 2019 to request available deposition dates for an eye witness to the accident, Mr. Hernandez, and were informed that defense counsel was unavailable for depositions in July due to a previously scheduled vacation out of the country.[19] Defendants likewise assert that Plaintiffs waited until June 25, 2019 to request deposition dates for the first responders, and that defense counsel provided ten available dates in August and September, all before the September 19, 2019 discovery deadline.[20] Defendants argue that Plaintiffs provide no explanation for why the anticipation of enrolling additional co-counsel constitutes good cause to modify the Scheduling Order and upset the trial date, especially when Plaintiffs already have four counsel of record. Defendants maintain that Plaintiffs have failed to show good cause for a continuance of the trial and pretrial deadlines, as their Motion fails to explain why the deadlines could not be met or their diligence in attempting to meet them.[21]

In response, Plaintiffs reiterate that the overarching issue throughout this case has been their inability to obtain discovery from Defendants that is necessary to adequately pursue their claims.[22] Plaintiffs claim that, as of the date

---

[18] *Id.* at p. 4.
[19] *Id.*
[20] *Id.*
[21] *Id.* at p. 5.
[22] R. Doc. 46 at p. 3.

5

of their Reply brief, discovery is incomplete and their August 2, 2019 expert report deadline was quickly approaching. Plaintiffs maintain that they will be prejudiced if they are forced to pursue their claims under the current Scheduling Order deadlines, with expert reports due before almost all of the fact discovery is complete.[23] Finally, Plaintiffs note the irony in defense counsel's assertion that he was not available for depositions in July, even though Defendants also have several counsel of record.[24]

## II. Law and Analysis

Federal Rule of Civil Procedure 16(b)(4) provides that a Scheduling Order "may be modified only for good cause and with the judge's consent."[25] According to the Fifth Circuit, "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[26] In determining whether the movant has met its burden of proving "good cause" under Rule 16(b)(4), this Court must consider four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice.[27]

### A. Plaintiffs have shown good cause exists to modify the Scheduling Order under Fed. R. Civ. P. 16(b) with respect to the remaining pretrial deadlines.

Although Plaintiffs do not specifically address the four factors of Rule 16(b)'s

---

[23] *Id.*
[24] *Id.* at n. 2.
[25] Fed. R. Civ. P. 16(b)(4).
[26] *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (*quoting* 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).
[27] *Cartier v. Egana of Switzerland (America Corp.)*, Civ. A. No. 3:08-CV-0001-D, 2009 WL 614820, at *3 (N.D. Tex. Mar. 11, 2009) (citing *S&W Enterprises, L.L.C.*, 315 F.3d at 536).

6

good cause analysis, the Court finds that a majority of the factors weigh in favor of finding that good cause exists to modify the Scheduling Order with respect to the remaining pretrial deadlines while retaining the November 18, 2019 trial date. With respect to the first factor, the explanation for Plaintiffs' failure to meet several pretrial deadlines, primarily their expert report deadline, the Court finds that Plaintiffs' have failed to provide a sufficient explanation for their failure to meet these deadlines. Although Plaintiffs complain that the parties had only deposed three witnesses as of the date of their Motion – the Plaintiffs and the investigating State Trooper[28] – Plaintiffs have failed to rebut the Defendants' evidence showing that Plaintiffs did not request available deposition dates for the additional seven to ten witnesses they now seek to depose until June 19, 2019.[29] Plaintiffs offer no explanation for their late requests for available deposition dates. The Court further notes that Defendants provided available deposition dates for these additional witnesses in August and September, all of which fell before the September 19, 2019 discovery deadline.[30]

More importantly, however, Plaintiffs have known of their August 2, 2019 expert report deadline and the September 19, 2019 discovery deadline since the January 31, 2019 Scheduling Conference, which was attended by two of Plaintiffs' counsel of record.[31] While Plaintiffs timely sought a continuance of these deadlines before their expiration, Plaintiffs offer no explanation for their failure

---

[28] R. Doc. 34-1 at p. 3.
[29] *Id.* at p. 3 ("Plaintiffs have attempted to schedule several depositions, including those of the defendants, approximately six first responders to the subject accident, treating physicians for the Carollos, and a newly identified 'eye witness.'"); *See* R. Doc. 37 at p. 4; R. Doc. 37-2; R. Doc. 37-3.
[30] R. Doc. 37 at p. 4; R. Doc. 37-3.
[31] R. Doc. 11.

7

to seek an extension of their expert report deadline sooner, other than their own failure to timely request available deposition dates for witnesses whose testimony Plaintiffs assert is "essential for plaintiffs [sic] experts to meaningfully address their reporting responsibilities under the Scheduling Order."[32] Plaintiffs have provided no explanation as to why the trial cannot proceed on November 18, 2019. The Court, therefore, finds that the first factor weighs against finding good cause exists to modify the Scheduling Order with respect to the remaining pretrial deadlines.

Turning to the second factor of the good cause analysis, the importance of the requested relief, the Court finds that a brief continuance of the remaining pretrial deadlines in this case is important, while a continuance of the trial date is not. The Court finds this factor is very significant, as the outstanding discovery is necessary for the parties to adequately pursue and defend this case and to meaningfully prepare for trial. As the parties point out, only three witnesses had been deposed as of the date of this Motion and several key witnesses, including several first responders to the accident and Owens, have yet to be deposed. Although the Court agrees that it appears that Plaintiffs have been dilatory in seeking available deposition dates, the Court believes that justice requires an extension of the remaining pretrial deadlines in this case. It is the Court's hope that counsel has been moving forward with those depositions and discovery while this Motion was pending. However, Plaintiffs have failed to show the importance of continuing the trial date once the Court grants a continuance of the remaining pretrial deadlines.

---

[32] R. Doc. 34-1 at p. 4.

Accordingly, this factor weighs in favor of finding good cause exists to modify the Scheduling Order with respect to the remaining pretrial deadlines.

The Court further finds that the third factor, the potential prejudice in granting the relief sought, also weighs in Plaintiffs' favor. Granting a brief continuance of the remaining pretrial deadlines, while retaining the November 18, 2019 trial date, will not prejudice the Defendants. Throughout their Opposition brief, Defendants emphasize Owens' desire to "put this matter behind him,"[33] and further assert that any further delays in this case will prejudice Owens' "right to clear his conscious and his name."[34] While the Court understands Owens' desire to avoid any delay of trial in this case, the Court does not believe that Defendants will suffer any significant prejudice from a brief continuance of the remaining pretrial deadlines that keeps the November 18, 2019 trial date in place. Such a brief continuance of the remaining pretrial deadlines will not surprise or unfairly prejudice Defendants, who are aware of the outstanding discovery in this case and the need to depose the first responders and any eye witnesses to the underlying car accident. Thus, the Court finds that the third factor also weighs in favor of finding good cause exists to modify the Scheduling Order with respect to the remaining pretrial deadlines.

Turning to the fourth and final factor, the availability of a continuance to cure such prejudice, the Court finds this factor also weighs slightly in Plaintiffs' favor. As an initial matter, the Court finds it unnecessary to grant a continuance to

---

[33] R. Doc. 37 at p. 2.
[34] *Id*. at p. 3.

9

cure any alleged prejudice because the Court has found that Defendants will not be prejudiced by a short continuance of the remaining pretrial deadlines while retaining the November 18, 2019 trial date.  Further, because Plaintiffs seek a continuance of the trial date and the remaining pretrial deadlines, a continuance will not cure any prejudice caused by granting Plaintiffs' request for a continuance.  Thus, the fourth factor weighs slightly in favor of finding good cause exists to modify the Scheduling Order with respect to the remaining pretrial deadlines.

After conducting the four-factor analysis set forth in *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA,*[35] the Court concludes that Plaintiffs have shown good cause exists to modify the Scheduling Order with respect to the remaining pretrial deadlines while retaining the November 18, 2019 trial date.  The Court finds that although Plaintiffs' failure to meet their expert report deadline is unjustified and unreasonable, Plaintiffs have shown that a brief continuance of the remaining pretrial deadlines is very important in this case, where there remains significant outstanding discovery.  Further, there is no potential prejudice to the Defendants if a short continuance of the remaining pretrial deadlines is granted while retaining the November 18, 2019 trial date, and since there is no potential for prejudice, the availability of a continuance to cure such prejudice is unnecessary.  The Court, therefore, finds that the balance of the competing interests and equities in this particular case weigh in favor of modifying the Scheduling Order with respect to the remaining pretrial deadlines while retaining the November 18, 2019 trial date.

---

[35] 315 F.3d 533, 536 (5th Cir. 2003).
[36] R. Doc. 34.

**III. Conclusion**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Continuance of Trial and All Associated Scheduling Deadlines **is GRANTED in part and DENIED in part.** The Motion is **DENIED** to the extent that Plaintiffs seek a continuance of the November 18, 2019 trial date. The Motion is **GRANTED** to the extent that Plaintiffs seek a continuance of the remaining pretrial deadlines. The Scheduling Order is hereby **AMENDED** with respect to the following deadlines:

1. Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendants as soon as possible, but in no event later than **September 3, 2019.**

2. Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants, fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiffs as soon as possible, but in no event later than **October 2, 2019**.

3. Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who will be called to testify at trial and all exhibits which will be used at trial no later than **October 2, 2019.**

4. Depositions for trial use shall be taken and all discovery shall be completed no later than **October 16, 2019**.

5. All non-evidentiary pretrial motions shall be filed and served in sufficient time to permit a submission date no later than October 22, 2019. This Section adheres to Local Rule 78.1 regarding oral argument on motion. **Deposition transcripts submitted in support of motions are to be in an uncompressed format, specifically, double spaced lines on single sided pages**.

Motions for summary judgment and oppositions to motions for summary judgment shall be filed in compliance with Local Rules 56.1 and 56.2, requiring parties to file a short and concise statement of material facts as to whether there does or does not exist a genuine issue to be tried. Additionally, each party shall make specific reference to record evidence supporting its statement of material facts. Citations to record evidence shall indicate, whenever applicable, an extra exhibit reference, page reference and record document number reference. Record evidence not specifically referred to by the parties may not be considered by the Court.

Motions regarding the admissibility of expert testimony (*Daubert* motions) shall be filed and served in sufficient time to permit a submission date no later than **October 22, 2019**.

All other motions *in limine* and trial memoranda shall be filed **seven working days** before trial and responses thereto shall be filed **two working days** before trial.

All contested motions are set for submission on a hearing date. If oral argument is requested, the appropriate motion must be filed.

Motions filed in violation of this order will not be considered unless good cause is shown. In addition, the Court reiterates that Local Rule 7.4 requires leave of court to file a reply to a respondent's opposition and Local Rule 7.7 sets page limitations.

All remaining Scheduling Order deadlines remain in place.

New Orleans, Louisiana, August 27, 2019.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**