MINUTE ENTRY
ROBY, M.J.
8/28/2019

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLO CAROLLO, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   18-13330** |
| **ACE AMERICAN INSURANCE COMPANY, ET AL.** | **SECTION: "D" (4)** |

### JUDGE KAREN WELLS ROBY, PRESIDING

LAW CLERK:                              Destinee N. Andrews
COURT REPORTER/RECORDER:    Sandra Minutillo

Appearances:    **Beau F. Camel, Joshua L. Rubenstein,** & **Lawrence Blake Jones** for Plaintiffs.
**Kelsey Leigh Zeitzer** & **Robert Louis Bonnaffons** for Defendants.

### MINUTE ENTRY & ORDER

Before the Court are three **Motion**(s) **to Quash Subpoena Duces Tecum and/or for Protective Order (R. Docs. 69, 73, & 83)** filed by the Plaintiffs seeking an Order from this Court quashing Defendants' subpoenas requesting documents from non-party Verizon Wireless. These motions are opposed. R. Doc. 76 & 81. The Court held oral argument on these motions on August 28, 2019.

### I.    Background

This action was initially filed in the 34th Judicial District Court for the Parish of St. Bernard on November 7, 2017, as a personal injury action in negligence under the theories of both individual and respondeat superior liability. R. Doc. 1-1. On December 11, 2018, the case was

MJSTAR: 00:09

removed to the U.S. District Court for the Eastern District of Louisiana on the basis of diversity. R. Doc. 1. The Plaintiffs, Carlo Carollo, Jr., and Frank Carollo, children of the deceased Carlo Carollo Sr., and Angelina Carollo, allege that on or about November 9, 2017, at approximately 6:33 p.m., as Carollo Sr. attempted to make a lawful left turn onto LA 46 from Volpe Drive his vehicle was struck by Defendant Kevin Owens, operator of a 2013 Freightliner Cascadia traveling westbound on LA 46. R. Doc. 1-1, p. 2-3. Carollo Sr., and Angelina Carollo suffered fatal injuries as a result of this accident. *Id*. Plaintiffs allege that Defendant-driver Kevin C. Owens is at fault for the accident by his failure to execute proper evasive maneuvers to avoid the collision. R. Doc. 69-1, p. 2.

As to the instant motions, Plaintiffs seek an Order from the Court quashing subpoena duces tecum issued to Verizon seeking the cellphone call records of Plaintiffs Carlo Carollo, Jr. and Frank Carollo and/or for protective pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure. R. Docs. 69 & 69-1, p. 1. The subpoena duces tecum seek:

> ALL BILLING RECORDS, USAGE RECORDS, and other DOCUMENTS, ELECTRONICALLY STORED INFORMATION, and/or COMMUNICATIONS for the telephone number (xxx) xxx-xxxx (FRANK CAROLLO)/(CARLO CAROLLO, JR.), including but without limitation all phone record usage including but not limited to text messages, cell or e-mail, or telephone calls for: (1) all incoming calls, text messages, and/or e-emails to (504) 256-0242 from 12:00 a.m. June 1, 2017 through 11:50 p.m. November 13, 2017; and, (2) all outgoing calls, text messages, and/or e-mails from 12:00 a.m. June 1, 2017 through 11:50 p.m. November 13, 2017.

R. Docs. 73-2, p.5. & 83-2, p. 5.

Specifically, Plaintiffs aver the subpoenas duces tecum seek documents that are private, highly sensitive, and/or privileged and that are irrelevant to the issue, and overbroad, and as such, the information is not discoverable. R. Doc. 69-1, p. 4. Plaintiffs further Defendants' subpoenas duces tecum are over broad Defendants implant all-encompassing language to request all Plaintiff's phone record to span across a period of five months up to and including four (4) days post-accident. *Id.* Finally, Plaintiffs aver the subpoena requests are unnecessarily cumulative and duplicative where Defendants have already requested the telephone records of Carlo Carollo, Sr. and/or Angelina Carollo, which would show such communication sought. R. Doc. 69-1, p. 6.

Defendants, in opposition, submit to the Court that as Plaintiffs assert claims that seek damages for wrongful death, which includes elements of loss of love and affection, such records of regular telephonic communications are both highly relevant and probative. R. Doc. 76, p. 4. Furthermore, Defendants rebuke any notion that they are seeking production of highly sensitive documents where 1) Defendants have offered Plaintiffs a compromise whereby all non-parent contact would be redacted; thus, eliminating the risk of embarrassment, harassment, or humiliation (R. Doc. 76, p. 6); and 2) Defendants have narrowly tailored their request to only seek records of usage information as opposed to the content of any communication (R. Doc. 76, p. 2). Defendants further contend that the small snap-shot time period between June 1, 2017 and November 13, 2017, is necessary where Defendants cannot verify Plaintiffs' regularity in phone conversations with their parents by reviewing records for a few days or few weeks. R. Doc. 76.

**II.**     **Standard of Review**

Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The Court may also modify or quash a subpoena that requires the disclosure of a trade secret or an unretained expert's opinion that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B).

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

### III. Analysis

As an initial matter the Court notes that Plaintiffs have standing to bring this motion. This Court has recognized "[o]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Winter v. Bisso Marine Co.*, No. CIV.A. 13-5191, 2014 WL 3778833, at *1 (E.D. La. July 29, 2014). Subpoena duces tecum directed to a third-party cellular service provider can implicate an objecting party's personal interest in the privacy of his/her cell phone records. *Id.* at *2. In this case, as Defendants seeks Plaintiffs' Carlo Carollo, Jr.'s and Frank Carollo's personal cellphone records, Plaintiffs have standing to object on the basis of relevance and overbreadth. *Id.* ("Subpoenas duces tecum directed to third parties are discovery devices subject to the limitations of Fed.R.Civ.P. 26.").[1]

In considering Rule 26 of the Federal Rules of Civil Procedure, this Court first looks to Plaintiffs' claim for wrongful death. "The elements of damage for a wrongful death action are loss of love and affection, loss of services, loss of support, medical expenses and funeral expenses." *Ford v. State ex rel. DOTD*, 1999-1297 (La. App. 3 Cir. 4/12/00), 760 So. 2d 478, 489, *writ denied*, 2000-1935 (La. 9/27/00), 769 So. 2d 1214, and *writ denied*, 2000-1864 (La. 9/29/00), 770 So. 2d 350, and writ denied, 2000-1938 (La. 9/29/00), 770 So. 2d 352 (citing *Holt v. Cannon Exp. Corp.*, 31,271 (La. App. 2 Cir. 12/11/98), 722 So. 2d 433, 440, *writ denied*, 99-0104 (La. 4/23/99), 742 So. 2d 881).

---

[1] *Winters* recognized that where Plaintiffs are not the subject of the subpoena that Plaintiffs have no standing to object on grounds that production is unduly burdensome. *Winter*, 2014 WL 3778833, at *1.

In Plaintiffs' June 14, 2019 deposition both Plaintiffs described having a close relationship with their late parents and testified to having frequent contact with their parents via telephone, with Carlo Carollo Jr. testifying they spoke "three, four times a week, maybe more" and Frank Carollo testifying his parents would always call him. R. Doc. 76, p. 2; *see also*, R. Docs. 76-1 & 76-2. The frequency and duration of Plaintiffs' contact with their parents, thus, correlates to their claims of wrongful death.

Furthermore, even should Defendants solely seek such information for purposes of verifying Plaintiffs' prior deposition testimony, "information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable." Comment to Fed. R. Civ. P. 26. In fact, the 2000 Note clarified with "three examples of information that, suitably focused, would be relevant to the parties' claims or defenses," which included "information that could be used to impeach a likely witness." *Id.*

Plaintiffs attested to making certain specific telephonic communications with their parents. The subpoena duces tecum directed to Verizon and Sprint request records, which could reflect Plaintiffs did not have as frequent conversations with their parents as they previously purported. As such, such information is properly discoverable even solely for its impeachment value. Moreover, the Court tends to agree that a six (6) month snap shot is permissible to demonstrate the manifestations of the communications.

Nonetheless, the Court notes that as the accident occurred on November 7, 2019, and Mr. Carlo Carollo, Sr., and his wife Ms. Angelina Carollo remained hospitalized and in critical condition for the following four (4) days until their time of death. Defendant's subpoena duces

tecum requests through 11:50 p.m. November 13, 2017. *See, e.g.*, R. Doc. 69-2. The Court cannot fathom why any information contained in Plaintiffs' Verizon records post-accident merits any relevance. As such, the Court sustains Plaintiffs' objections of relevance.

Finding that some information potentially relevant and proportional to the needs of the case, the Court next examines the breadth and scope of the subpoena duces tecum to ensure it is sufficiently tailored. Despite Defendants' assertions to the contrary, the subpoenas duces tecum request "ALL BILLING RECORDS, USAGE RECORDS, and other DOCUMENTS, ELECTRONICALLY STORED INFORMATION, and/or COMMUNICATIONS." *See, e.g.*, R. Doc. 73-2, p. 5.

While the Court tends to agree that there is little risk of annoyance, embarrassment, oppression pursuant to Federal Rule of Civil Procedure 26(c) by revealing the length and frequency of phone calls and text messages as opposed to its content, Defendants simply did not narrow their request to just that information. Instead Defendants casted a wide-net more suggestive of an unwarranted fishing expedition to retrieve more discovery than they are entitled. Defendants need to narrowly define the scope of the subpoena request to specifically exclude content information embedded within each text message. The Court urges Defendants to supplant the subpoena duces tecum's current language with the language of the compromise represented to the Court that all non-parent contact would be redacted.

The Court likewise notes the overbroad and all-encompassing nature of definitions such as "communication(s)", "document(s)", and "electronically stored information" appended to the subpoena duces tecum's expansive definition sections. *See, e.g.*, 73-2, p. 4. As such, the Court

7

sustains Plaintiffs' objections of overbreadth. Thus, finding Defendants' subpoena duces tecum requests are both overbroad and seek irrelevant information, the Court will grant Plaintiffs' motions to quash.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Quash Subpoena Duces Tecum and/or for Protective Order (R. Docs. 69, 73, & 83)** is **GRANTED**.

New Orleans, Louisiana, this 26th day of September 2019.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**