# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARLO CAROLLO, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-13330-WBV-KWR** |
| **ACE AMERICAN INSURANCE COMPANY, ET AL**. | **SECTION: "D" (4)** |

## ORDER AND REASONS

Before the Court is a Motion for Review of Magistrate Judge's Order Denying Plaintiffs' Motion for Leave to File Second Supplemental and Amended Complaint, filed by Carlo Carollo, Jr. and Frank Carollo, individually and on behalf of the estate of Carlo Carollo, Jr. and the Estate of Angelina Carollo.[1] Defendants, Kevin Owens, Langer Transport Corporation and ACE American Insurance Company, oppose the Motion.[2] For the reasons that follow, the Motion is **DENIED.**

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a fatal car accident that occurred on November 9, 2017 in St. Bernard Parish, which resulted in the deaths of Angelina Carollo and Carlo Carollo, Sr.  On or about November 7, 2018, Carlo Carollo, Jr. and Frank Carollo, individually and on behalf of the Estate of Carlo Carollo, Sr.[3] and the Estate of Angelina Carollo (collectively, "Plaintiffs"), filed a Petition for Damages in state court,

---

[1] R. Doc. 132.
[2] R. Doc. 149.
[3] Although the heading of the state court proceeding is, "*Carlo Carollo, Jr., and Frank Corollo, individually and on behalf of the Estate of Carlo Carollo, Jr. and the Estate of Angelina Corollo,*" this appears to be a typographical error, as it is clear from the Petition that suit was filed individually and on behalf of the Estate of Carlo Carollo, Sr., who died as a result of the underlying car accident.

seeking wrongful death and survival damages based on the death of their parents, Angelina Carollo and Carlo Carollo, Sr., as a result of the accident. Plaintiffs allege that the accident occurred when Kevin C. Owens, while driving a freightliner truck owned by his employer, Langer Transport Corporation, struck the driver's side of Carlo Carollo, Sr.'s vehicle as Mr. Carollo attempted to make a left turn onto LA 46 from Volpe Drive. Plaintiffs filed their Petition against Kevin Owens, Langer Transport Corporation, ACE American Insurance Company and XYZ Insurance Company.

On December 11, 2018, Langer Transport Corporation and ACE American Insurance Company removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[4] On January 31, 2019, this Court issued a Scheduling Order, setting various pretrial deadlines, including a March 4, 2019 deadline to file amendments to pleadings.[5] Plaintiffs timely filed a First Supplemental and Amended Complaint on March 4, 2019, asserting additional negligence allegations against the same three defendants that were named in the state court Petition.[6]

Over four months later, on July 25, 2019, Plaintiffs filed a Motion for Leave to File Second Supplemental and Amended Complaint, seeking, for the first time in this litigation, to name the Louisiana Department of Transportation ("DOTD") as a defendant.[7] Kevin Owens, Langer Transport Corporation and ACE American Insurance Company (collectively, "Defendants"), opposed the Motion, arguing that

---

[4] R. Doc. 1 at Introductory Paragraph and ¶ 2.
[5] R. Doc. 11.
[6] R. Docs. 13, 14, 15.
[7] R. Doc. 61.

Plaintiffs failed to show good cause exists to modify the Scheduling Order to allow the untimely amendment, as required under Federal Rule of Civil Procedure 16, and that the amendment was an improper attempt to divest the Court of its diversity jurisdiction by adding a Louisiana defendant.[8] On October 18, 2019, Magistrate Judge Karen Wells Roby denied the Motion for Leave, concluding that Plaintiffs had failed to meet their burden of proving good cause exists under Fed. R. Civ. P. 16 to modify the Court's Scheduling Order to allow the untimely amendment.[9] Magistrate Judge Roby further found that all four factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), weighed against allowing the post-removal joinder of a non-diverse defendant.[10]

On October 24, 2019, Plaintiffs filed the instant Motion, seeking review and reversal of Magistrate Judge Roby's October 18, 2019 Order.[11]

## II. LAW AND ANALYSIS

Plaintiffs seek review of the Magistrate Judge's ruling based on Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1)(A).[12] Under Fed. R. Civ. P. 72(a), a magistrate judge's ruling on a nondispositive motion may be appealed to the district court.[13] When objections are raised to such a ruling, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law."[14] Under this standard, a magistrate judge's

---

[8] R. Doc. 66.
[9] R. Doc. 105.
[10] *Id.*
[11] R. Doc. 132.
[12] R. Doc. 132.
[13] Fed. R. Civ. P. 72(a).
[14] *Id.*; Eastern District of Louisiana, Local Rule 72.2.

decision must be affirmed unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed."[15]

Here, Plaintiffs argue that Magistrate Judge Roby committed clear error by concluding that good cause did not exist to modify the Scheduling Order, since Plaintiffs sought to add DOTD as a defendant immediately after learning key facts that suggested DOTD's potential liability, which occurred after the amendment deadline.[16] Plaintiffs also argue that Magistrate Judge Roby committed clear error by finding that Plaintiffs' receipt of Defendants' accident reconstruction report in August 2018 should have alerted Plaintiffs to DOTD's potential liability.[17] Finally, Plaintiffs assert that Magistrate Judge Roby's analysis of the four *Hensgens* factors is clearly erroneous because a majority of the factors weigh in favor of allowing the amendment.[18]

After reviewing the record, the Magistrate Judge's Order, and the arguments of the parties, the Court finds that the denial of Plaintiffs' Motion for Leave to File Second Supplemental and Amended Complaint was not clearly erroneous or contrary to law. Magistrate Judge Roby did not commit clear error in finding that Plaintiffs failed to show good cause exists to modify the Scheduling Order to permit the untimely amendment, as required by Fed. R. Civ. P. 16. Plaintiffs have known about their March 4, 2019 deadline to file amended pleadings since the January 31, 2019

---

[15] *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).
[16] R. Doc. 132-1 at pp. 4-8.
[17] *Id.* at p. 6.
[18] *Id.* at pp. 13-19.

Scheduling Conference, which was attended by two of Plaintiffs' counsel of record.[19] While Plaintiffs argue that they were not aware of DOTD's potential liability in this case until they received a "critical photograph" at the June 25, 2019 deposition of the investigating state trooper and had learned that the State posted a reduced speed limit sign near the site of the accident in April 2019,[20] the Court is unpersuaded by Plaintiffs' arguments.

As an initial matter, and as Defendants aptly point out,[21] Plaintiffs have not provided the Court with a copy of the purported "critical photograph" at issue. Further, the Court finds no clear error in Magistrate Judge Roby's determination that Plaintiffs were first alerted to DOTD's potential liability when they received Defendants' accident reconstruction report on August 16, 2018. Incredibly, Plaintiffs argue that the accident reconstruction report "has no bearing on the exercise of plaintiffs' obligation to investigate the facts and assess potential liability in connection with their claims."[22] Plaintiffs claim that the report merely "speculates as to the sight line available for the Carollo vehicle had there been vehicles parked in the lot on the northeast corner of the intersection."[23] Plaintiffs, however, claim that one of the "newly discovered facts" that alerted them to DOTD's potential liability is the "critical photograph" they received on June 25, 2019, which purportedly shows a sight line obstruction caused by a vehicle parked at the northeast side of the

---

[19] R. Doc. 11.
[20] R. Doc. 132-1 at p. 5.
[21] R. Doc. 149 at p. 10.
[22] R. Doc. 132-1 at p. 6.
[23] R. Doc. 132-1 at p. 6 (footnote omitted).

intersection at issue – the *precise* situation addressed in Defendants' accident reconstruction report.[24] The Court finds that the Defendants' accident reconstruction report, which Plaintiffs received three months before filing their state court Petition for Damages, should have alerted Plaintiffs to DOTD's potential involvement in this car accident case. At the very least, Plaintiffs should have exercised due diligence to determine DOTD's potential liability when they received the accident reconstruction report containing information regarding potential sight line obstructions.[25]

Finally, the Court finds that Magistrate Judge Roby carefully reviewed and analyzed the four *Hensgens* factors in determining whether to allow a post-removal amendment naming a non-diverse defendant and found that all four factors weigh against allowing the proposed amendment.[26] The Court does not find this determination to be clearly erroneous or contrary to law.

Based on the foregoing, the Court finds that Plaintiffs have not shown that Magistrate Judge Roby's October 18, 2019 Order[27] is clearly erroneous or contrary to law.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion for Review of Magistrate Judge's Order Denying Plaintiffs' Motion for Leave to File Second

---

[24] *Id.* at p. 5.
[25] *See* R. Doc. 39-1 at p. 16.
[26] R. Doc. 105 at pp. 7-14.
[27] R. Doc. 105.

Supplemental and Amended Complaint[28] is **DENIED.**

New Orleans, Louisiana, November 7, 2019.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[28] R. Doc. 132.